UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I.P., *a minor, by and through his Guardian ad Litem, Richard Padilla*,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>Defendant. | No. 1:19-cv-0001332-NONE-HBK<br><br>FINDINGS AND RECOMMENDATIONS THAT MOTION TO APPROVE MINOR'S COMPROMISE OF CLAIM BE APPROVED[1]<br><br>(Doc. 17) |

Pending before the Court is Plaintiff's construed Motion for Approval of Compromise of Claim of Minor; Declaration of Ryan B. Kalashian, Esq.; and Exhibits in Support, filed on behalf of minor I.P. by his *guardian ad litem*, Richard Padilla, on February 16, 2021.  Doc. No. 17. Defendant the United States of America filed a Statement of Non-Opposition on February 24, 2021. Doc. No. 18.  For the reasons stated, I recommend the district court grant the motion.

I.     BACKGROUND

Plaintiff, a minor, residing in the City of Lemoore, California, through his *guardian ad*

---

[1] Under 28 U.S.C. § 636(b)(1)(B), Local Rule 302 (E.D. Ca. 2019), and a Standing Order In Light of the Ongoing Judicial Emergency in the Eastern District of California issued by the Hon. Dale A. Drozd, United States District Judge (Doc. No. 13-3), this matter is before this Court for a factual finding and recommendation to the District Court.  Although labeled a "petition" the court construes the pleading as a motion.

*litem*, initiated a complaint for medical malpractice action under the Federal Tort Claims Act. *See* Doc. No. 1. The minor plaintiff's claim stems from injuries he sustained to three fingers on his left hand while undergoing Cryo-therapy to remove warts at Family Healthcare Network on or about June 15, 2018. *Id.* at 1-2. Plaintiff alleges the physicians at Family Healthcare Network are deemed employees of the United States Department of Health and Human Services. *Id.* at 2. Plaintiff sought economic damages, non-economic damages, costs of suit, prejudgment interest, and any other relief deemed just and appropriate by the Court. *Id.* at 3.

In the motion, through his *guardian ad litem*, the minor plaintiff seeks approval of the compromise reached with defendant. Doc. No. 17. A copy of the signed settlement agreement entered in to by the parties on September 2020 is attached to the motion. Doc. No. 17 at 18-25. As a compromise, the parties agreed to settle all claims for $15,000.00, with the minor plaintiff receiving a net sum of $8,659.89. *Id*. at 3.

II.   STANDARD OF REVIEW

Applicable precedent from the Ninth Circuit Court of Appeals and the Local Rules for the Eastern District of California pertaining to minors, specifically Local Rule 202(b)(2), govern review of the petition. In *Robidoux v. Rosengren*, the Ninth Circuit addressed the applicable standard of review for a district court to evaluate a motion to approve a minor compromise. 638 F.3d 1177 (9th Cir. 2011). Noting that it had not previously provided direction to the district courts on these sorts of motions, *id.* at 1181, and cautioning that the holding does not necessarily apply to claims sitting in federal court on diversity jurisdiction, *id.* at fn 2, the Ninth Circuit reversed and remanded the district court's order rejecting the minor's compromise finding the district court placed an "undue emphasis" on the attorneys' fees provided for in the settlement agreement and not the net recovery of the minor plaintiff. *Id.* at 1181. The Ninth Circuit emphasized that the district court's role in evaluating a minor's compromise of claims should be determined by whether the net amount distributed to the minor plaintiff in the settlement "*is fair and reasonable, in light of the facts of the case, the minor's specifics claim, and recovery in similar cases.*" *Id.* at 1182 (emphasis added). The appellate court further instructed "the district court should evaluate the fairness of . . . the minor plaintiff's net recovery without regard to the proportion of the total

settlement value designated or adult co-plaintiff or plaintiffs' counsel—whose interest the district court has no special duty to safeguard." *Id.* (citations omitted); *see also Patino v. County of Merced*, Case No. 1:18-cv-1468-AWI-SAB, 2020 WL 6044039 (E.D. Ca. Oct. 13, 2020) (reviewing motion for approval or settlement of minor's claims). "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." *Robidoux*, 638 F.3d at 1182.

Local Rule 202(b) also provides direction for parties filing a motion for approval of proposed settlement and section (b)(2), applicable here, requires that:

> The application shall disclose, among other things, the age and sex of the minor or incompetent, the nature of the causes of action be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and if, a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permeant. If reports of physicians or other similar experts have been prepared, such reports shall be provided to the Court.  The Court may also require the filing of experts' reports when none have previously been prepared or additional experts' reports if appropriate under the circumstances. Reports protected by an evidentiary privilege may be submitted in a sealed condition to be reviewed only by the Court *in camera*.

*Id.*

III   ANALYSIS

In support, plaintiff submits a declaration from counsel, Doc. No. 17 at 5-6, photographs depicting the injuries to the minor plaintiff's fingers, *id.* at 7-17, a copy of the parties' executed settlement agreement, *id.* at 18-23, and a costs leger from counsel itemizing $2,759.61 in costs, *id.* at 24-25. I find these documents coupled with a review of the complaint to be sufficient to satisfy Local Rule 202(b).  I further find the net amount to be distributed to the minor plaintiff of $8,659.89 is fair and reasonable considering the facts of the case and the minor's specific claims.  *See Robidoux*, 638 F.3d at 1181-82.  My independent review of settlement amount for burns and/or injuries to minors in other cases include:

3

$4,000 award to minor child for pain and suffering when the child-plaintiff sustained second-degree burns at a nursery school after he put his arm under hot water—burns covered child's entire right hand and forearm up to his elbow and involved blistered fingers--- scarring was miniscule; *Bonnet on behalf of Bonnet v. Slaughter*, 422 So. 2d 499 (La. App. Nov. 2, 1982);

$12,500 award to minor child, a 2 1/2-year-old boy, severely burned when playmates stuffed papers in his pockets and set them on fire; causing severe and permanent injuries. *Jarboe v. Edwards*, 26 Conn. Supp. 350, 223 A.2d 402 (Superior Court Connecticut, Aug. 30, 1966);

$250 award to 11-year-old boy injured in car accident with contusions to left arm and elbow. *Joseph v. Miranda*, 301 So. 2d 391 (La. App. 1974);

$200,000 award to 4-year old girl whose right pinky finger was amputated by dental chair. *M.A. Pro Ami v. Western Dental Services, Inc.*, 56-2012-00428460-CU-MM-VTA (Superior Court, Ventura County, CA., May 14, 2014); and

$11,999 award to 6-year-old child who sustained burns and loss of strength/flexibility to his hand from an electric shock caused by an exposed wire underneath restaurant table where he was a patron. *Hoehne, Pro Ami v. Taco Time International, Inc. an Oregon Corp.*, 2001 WL 36163775 (Unknown State Court Or., May 2001).

Here, the minor plaintiff's fingers were not amputated. There are no allegations that the act was malicious or intentional. The injuries sustained did however result in permanent scarring to three of minor plaintiff's fingers. Considering the severity of the minor plaintiff's injuries and the facts and average recovery identified in the above cases, I find the net amount of $8659.89 to be fair and reasonable. I also note counsel was able to negotiate a lower amount for the minor plaintiff's medical expenses from $919.40 to $520.41. Doc. No. 17 at 3.

Based upon controlling law, the present day value of the money, the facts and circumstances of this case, the injuries the minor plaintiff sustained to his three fingers, in comparison to other monetary awards to minors in cases with similar facts, I find the net amount in this case is fair and reasonable, and recommend the district court grant plaintiff's petition for approval of settlement.

Accordingly, it is RECOMMENDED:

1. Plaintiff's construed Motion for Approval of Compromise of Claim of Minor (Doc. No. 17) be GRANTED.

2. The Clerk of Court be directed to enter judgment in favor of Plaintiff with each party to

bear their own costs and attorneys' fees, terminate any pending motions/deadlines, and to close this case.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     March 2, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE